# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. GREATER FIRST DELIVERANCE TEMPLE, INC., an Oklahoma not-for-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>1. GUIDEONE MUTUAL INSURANCE COMPANY, a for-profit insurance corporation,<br><br>Defendant. | CASE NO.: CIV-18-1022-D |

## **COMPLAINT**

## A. **PARTIES**

1. Plaintiff, Greater First Deliverance Temple, Inc. (hereinafter referred to as "Greater First Deliverance" or "Plaintiff"), is an Oklahoma not-for-profit corporation.

2. Defendant, GuideOne Mutual Insurance Company (hereinafter referred to as "GuideOne" or "Defendant"), is a foreign for-profit insurance corporation incorporated and organized under the laws of the State of Iowa.

3. The principal place of business for Defendant, GuideOne Mutual Insurance Company, is West Des Moines, Iowa.

4. The Defendant, GuideOne Mutual Insurance Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. The Plaintiff, Greater First Deliverance, is an Oklahoma not-for-profit corporation with its principal location at 2101 North Bryant, Oklahoma City, Oklahoma 73121.

6. This action is not related to any other case filed in this court.

## B. JURISDICTION

7. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. FACTS

8. At all times material hereto, Plaintiff was insured under the terms and conditions of a property insurance policy, policy number 1090-350, issued by the Defendant.

9. At all times material hereto, Plaintiff complied with the terms and conditions of its insurance policy.

10. On or about October 22, 2016, Plaintiff made a claim for damages to the interior of its affiliated buildings and structures located at 2101 North Bryant, Oklahoma City, Oklahoma 73121.

11. The interior damage sustained by Plaintiff are covered perils and are not limited or excluded pursuant to the terms and conditions of Plaintiff's property insurance policy.

12. As a result of the claim made by Plaintiff, Defendant assigned claim number AA076267-S1 to the claim.

13. As a direct result of the water intrusion into Plaintiff's property, Greater First Deliverance was forced to hire a water mitigation and restoration company, Stanley Steemer, in order to protect its property and mitigate its damages.

14. Plaintiff was promised that Defendant would compensate Greater First Deliverance for the costs of the water mitigation and remediation.

15. However, almost a year later, Stanley Steemer's invoice in the amount of $8,585.60 remained unpaid.

16. Furthermore, Defendant failed to properly investigate and evaluate the damages to Plaintiff's property.

17. On or about October 30, 2016, Defendant proffered a woefully deficient and insufficient "low ball" offer in the replacement cost value amount of $26,325.20.

18. Defendant knew that its "low ball" offer was insufficient to compensate Plaintiff for the extent of damages that it had suffered.

19. However, Defendant hoped that it could intentionally prolong the claims process in order to force Plaintiff to accept an amount less than the true value of its claim.

20. Plaintiff subsequently retained a general contractor, RA Construction Group, Inc. to access Plaintiff's damages.

21. On or about July 19, 2017, Plaintiff submitted an estimate from its general contractor in the replacement cost value amount of $276,462.43.

22. On January 16, 2018, Defendant proffered a second a woefully deficient and insufficient "low ball" offer in the replacement cost value amount of $55,937.78.

### D. COUNT I: BREACH OF CONTRACT

23. Plaintiff hereby asserts, alleges and incorporates paragraphs 1-22 herein.

24. The property insurance policy No. 1090-350, issued by Defendant was in effect on October 22, 2016.

25. The acts and omissions of Defendant in the investigation, evaluation, and delay of payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought. Defendant breached its contract with Plaintiff by failing to conduct a reasonable investigation of the Plaintiff's claim and by improperly delaying payment for damaged property and for underpaying property damage.

26. Although Plaintiff made a demand for payment under the terms and conditions of its insurance policy, Defendant's acts and omissions, including the improper denial of policy benefits owed on Plaintiff's claim and underpayment of Plaintiff's claim constitutes a breach of contract for which contractual damages are hereby sought.

### E. COUNT II: BAD FAITH

27. Plaintiff hereby asserts, alleges and incorporates paragraphs 1-26 herein.

28. The acts and omissions of the Defendant in the investigation, evaluation and delay and underpayment of Plaintiff's claim were unreasonable and constitute

bad faith for which bad faith and extra-contractual damages are hereby sought.

29. Defendant acted unreasonably, outside of insurance industry standards, and in bad faith and by failing to timely investigate and evaluate Plaintiff's claim. Defendant was hostile to the Plaintiff and failed to work with the Plaintiff in the investigation and adjustment of its property damage claim which resulted in a wrongful denial of policy benefits for covered property. Moreover, Defendant intentionally failed to timely pay the invoice submitted by Plaintiff for the remediation services provided by Stanley Steemer. Additionally, Defendant made multiple "low ball" offers in an attempt to force Plaintiff to accept less than the reasonable value of its claim.

30. Defendant's unreasonable and bad faith refusal to timely investigate and evaluate Plaintiff's claim resulted in Plaintiff sustaining additional damage to its property. Moreover, it left Plaintiff's property in a state of disrepair while Plaintiff was attempting to minister to its congregation.

31. Defendant's unreasonable and bad faith refusal to pay for covered damages was unreasonable, outside of insurance company standards, committed in bad faith and was part of a nationwide claims strategy to improperly reduce claim payments issued to Defendant's standards.

32. Defendant's unreasonable and bad faith refusal to pay for covered damages placed Plaintiff's congregation at an un-necessary risk of life and limb and evidenced conduct life-threatening to humans.

### F.  COUNT III: PUNITIVE DAMAGES

33. Plaintiff hereby asserts, alleges and incorporates paragraphs 1 – 32 herein.

34. The unreasonable conduct of the Defendant in the handling of Plaintiff's claim, was intentional, willful, wanton, and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

### G.  DEMAND FOR JURY TRIAL

35. The Plaintiff hereby requests that the matters set forth herein be determined by a jury of its peers.

### H.  PRAYER

36. Having properly pled, the Plaintiff, Greater First Deliverance Temple, Inc., seeks contractual, bad faith and punitive damages against the Defendant, GuideOne Mutual Insurance Company, together in an amount in excess of $75,000.00; including costs, interest, and attorney fees.

>Respectfully submitted,
>
>*s/ Kenyatta R. Bethea*
>Kenyatta R. Bethea, OBA# 18650
>**HOLLOWAY, BETHEA & OSENBAUGH**
>3035 N.W. 63rd, Suite 102N
>Oklahoma City, OK 73116
>Telephone:  (405) 246-0600
>Facsimile:  (405) 810-4080
>kbethea@hbolaw.com
>**ATTORNEYS FOR PLAINTIFF**
>**GREATER FIRST DELIVERANCE TEMPLE, INC.**

**ATTORNEY LIEN CLAIMED!**

**JURY TRIAL DEMAND!**