IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GREATER FIRST DELIVERANCE        )
TEMPLE, INC.,                    )
                                 )
                Plaintiff,       )
                                 )
vs.                              )      Case No. CIV-18-1022-D
                                 )
GUIDEONE MUTUAL INSURANCE        )
COMPANY,                         )
                                 )
                Defendant.       )

# O R D E R

Before the Court is Defendant GuideOne Mutual Insurance Company's Motion to

Dismiss [Doc. No. 4], filed pursuant to Fed. R. Civ. P. 12(b)(5) and (6). Plaintiff has

responded [Doc. No. 7] in opposition to the Motion. After the Motion was filed, however,

Defendant "agree[d] to accept service in this matter and is no longer pursuing its Motion

to Dismiss . . . for insufficiency of service of process." *See* Def.s' Reply Br. at 1. The

only issue presented for decision by the Motion is whether the Complaint fails to state a

tort claim against Defendant for bad faith conduct in the handling of Plaintiff's insurance

claim.[1]

---

[1] Defendant also seeks a dismissal of Plaintiff's claim for punitive damages. However,
a request for punitive damages constitutes a prayer for relief, not a separate cause of action. *See*
*Coll v. First Am. Title Ins. Co*., 642 F.3d 876, 901 (10th Cir. 2011) ("the prayer for relief is no part
of the cause of action and . . . the parties are entitled to such relief and to such judgment as the
complaint . . . makes out") (internal quotation omitted); *Schoonover v. Schoonover*, 172 F.2d 526,
530 (10th Cir. 1949) (same). A Rule 12(b)(6) motion tests the sufficiency of a claim; it is not a
proper mechanism for challenging a request for punitive damages. *See Douglas v. Miller*, 864
F.Supp.2d 1205, 1220 (W.D. Okla. 2012) ("[W]hether [punitive] damages are recoverable is not a
proper subject for adjudication in a Rule 12(b)(6) motion, as the prayer for relief is not a part of

Plaintiff brings this action to recover damages for breach of contract and bad faith based on allegations that Defendant, as its property insurer, unreasonably failed to timely investigate, adjust, and pay an insurance claim for covered water damage to Plaintiff's property. By its Motion, Defendant asserts that the Complaint fails to state a plausible claim of insurer's bad faith under federal pleading standards. Plaintiff contends the factual allegations of the Complaint are sufficient but, alternatively, requests leave to amend its pleading if the Court finds a deficiency.

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679. Thus, for example, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing

the cause of action."); *see also Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1108 (8th Cir. 2011); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1255 at 508-09 (3d ed. 2004); Fed. R. Civ. P. 54(c) (judgment "should grant the relief to which each party is entitled").

a particular highway on a specified date and time." *Robbins*, 519 F.3d at 1248. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

## Plaintiff's Allegations

Accepting the allegations of the Complaint as true, Defendant issued a property insurance policy to Plaintiff for buildings and structures located in Oklahoma City, Oklahoma, that sustained interior water damage on October 22, 2016. The damage was a covered loss under the policy, and Plaintiff timely submitted a claim to Defendant for the loss. However, Defendant failed to properly investigate and evaluate the claim, and failed to pay for water mitigation and restoration services that Plaintiff was required to engage on its own. Defendant instead made a "low ball" offer for replacement cost coverage in the amount of $26,325.20, knowing this amount was insufficient to compensate Plaintiff for its loss and intending to prolong the adjustment process so Plaintiff would be forced to accept less than the reasonable value of its claim. *See* Compl. [Doc. No. 1], ¶¶ 17-18. Plaintiff retained a general contractor to assess the damage to its property and obtained an estimate for replacement cost repairs in the amount of $276,462.43. After Plaintiff submitted this estimate, Defendant made a second "low ball" offer of $55,937.78.

## Discussion

Defendant contends Plaintiff's allegations are conclusory and provide insufficient facts to state a claim of insurer's bad faith. In Defendant's view, the Complaint merely

alleges a legitimate dispute concerning the value of Plaintiff's claim and a failure to pay the amount Plaintiff believes it was owed. According to Defendant, "such a disagreement . . . does not give rise to a claim for bad faith." *See* Def.'s Mot. Dismiss [Doc. No. 4] at 4.

To establish a breach of Defendant's duty of good faith and fair dealing with its insured, Plaintiff needs only to show that Defendant breached the insurance contract and, in so doing, acted in a manner constituting bad faith. *See Brown v. Patel*, 157 P.3d 117, 121 (Okla. 2007); *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005). "[A] legitimate dispute as to coverage will not act as an impenetrable shield against a valid claim of bad faith;" for example, an inadequate investigation of a claim may permit a finding that the insurer acted unreasonably and in bad faith. *See Timberlake Const. Co. v. U.S. Fidelity & Guar. Co.*, 71 F.3d 335, 343, 345 (10th Cir. 1995); *see also Bannister v. State Farm Mut. Auto. Ins. Co.*, 692 F.3d 1117, 1127-28 (10th Cir. 2012).

Upon examination of the Complaint, the Court finds the sufficiency of Plaintiff's allegations to state a claim of insurer's bad faith presents a close question. However, the Complaint contains factual allegations that amount to more than an assertion that Defendant underpaid Plaintiff's insurance claim. Plaintiff also asserts that Defendant failed to pay an invoice for remediation work actually completed, and made repeated "low ball" offers for an improper purpose. These allegations may be enough, if proven, to establish a breach of Defendant's duty to deal fairly and in good faith with its insured. Under the current application of Rule 12(b)(6), the notice pleading standard of "Rule 8(a)(2) still lives." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). "Specific facts are not necessary; the statement need only 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Twombly*, 550 U.S. at 555). In this case, the Court finds minimally sufficient factual allegations to state a bad faith claim and, therefore, dismissal of Plaintiff's tort claim is not warranted.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 4] is DENIED.

IT IS SO ORDERED this 9th day of January, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE